IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| *ex rel.* RAMESH GUDUR, § | |
| § | |
| Plaintiff/Relator, § | |
| § | CIVIL ACTION NO. H-00-1169 |
| v. § | |
| § | |
| DELOITTE CONSULTING LLP, § | |
| § | |
| Defendant. § | |

**ORDER ON BILL OF COSTS**

On March 15, 2007, the court entered a Final Judgment (Docket Entry No. 806) in favor of defendant, Deloitte Consulting LLP (Deloitte). On March 29, 2007, defendant filed a Bill of Costs requesting the Clerk to tax costs in the amount of $268,042.48 against the Relator (Docket Entry No. 807). Relator, Ramesh Gudur, has filed a Motion for Review of Taxing of Costs (Docket Entry No. 808) in which he objects to Deloitte's Bill of Costs, and Deloitte has filed a reply (Docket Entry No. 812). For the reasons explained below -- based on a review of the pleadings, the evidence, and the law -- Deloitte's request for taxation of costs in the amount of $268,042.48 will be granted in part and denied in part, and Relator's motion that the court reconsider its award of costs to Deloitte and/or reduce the amounts sought by Deloitte will be granted in part and denied in part.

# EXHIBIT 3

## I. Standard of Review

Federal Rule of Civil Procedure 54(d)(1) states that, with exceptions not relevant here, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." See Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp., 71 F.3d 198, 205 n.5 (5th Cir. 1995). Taxation of costs under Rule 54(d) is a matter within the court's discretion, although this discretion is limited by the express provisions of 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S.Ct. 2494, 2497-98 (1987). "The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920." Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F.Supp. 415, 417 (N.D. Tex. 1997) (citing Crawford Fitting Co., 107 S.Ct. at 2498). Thus, a court may only tax the following as "costs": (1) fees of the clerk and marshal, (2) fees of the court reporter for all or any part of stenographic transcripts necessarily obtained for use in the case, (3) fees for printing and witnesses, (4) fees for exemplification and copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation of court-appointed experts. 28 U.S.C. § 1920. See also Crawford Fitting Co., 107 S.Ct. at 2497. Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. Crawford Fitting Co.,

107 S.Ct. at 2497-98; <u>Coats v. Penrod Drilling Corp.</u>, 5 F.3d 877, 891 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 1303 (1994).

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. <u>See</u> <u>Embotelladora</u>, 952 F.Supp. at 417 ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. <u>See</u> <u>Fogleman v. ARAMCO (Arabian American Oil Co.)</u>, 920 F.2d 278, 286 (5th Cir. 1991). Whether a document was "necessarily obtained for use in the case is a factual determination to be made by the district court." <u>Id.</u> at 285-86.

## II. Analysis

Relator objects to Deloitte's Bill of Costs and moves the court to review its decision to tax costs to him. Relator also argues that Deloitte is not entitled to have taxed as costs the amounts it seeks.

### A. Taxing of Costs to the Prevailing Party

Plaintiff argues that "in the context of this case brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729,

et seq., it is appropriate for the Court to exercise its discretion to order each side to bear its own costs."[1] Plaintiff argues that "[t]he actions of [Deloitte] described below, in which [Deloitte] has sought grossly excessive costs to which it is not entitled, argue in favor of having this Court conclude that [Deloitte's] actions justify entry of an order requiring that all parties bear their own costs."[2] Asserting that numerous other Circuit Courts of Appeals have recognized that a party's ability to pay is a factor to be weighed before imposing costs on a losing party, plaintiff argues that

> [i]n the present case [Deloitte] firmly established in the record the Relator's precarious financial position and his inability to pay costs should they be awarded as well as the reasons underlying the Relator's position such as his long period of unemployment after he was discharged from his position at the State of Texas. See e.g. Gudur Fact Depo. p. 1253 L:13-p. 1254 L:8. (Exhibit 16)  In light of this fact the Court should exercise its discretion and refrain from taxing costs against the Relator.[3]

Citing Pacheco v. Mineta, 448 F.3d 783, 793-94 (5th Cir.), cert. denied, 127 S.Ct. 299 (2006), Deloitte argues that neither of plaintiff's arguments "is sufficient to overcome the 'strong presumption' in favor of awarding Deloitte it costs."[4] Deloitte

---

[1] Motion to Review Taxing of Costs, Docket Entry No. 808, p. 2.

[2] Id.

[3] Id. at p. 15.

[4] Deloitte Consulting LLP's Response in Opposition to Relator's Motion for Review of Taxing of Costs, Docket Entry No. 812, p. 2.

argues that it has not sought grossly excessive costs to which it is not entitled, and that even if it had, Relator has not cited any authority suggesting that a court should penalize a prevailing party by denying an award of costs simply because the costs sought were excessive. Instead, Deloitte argues that "[t]he proper course would be to limit an award of costs to the amount supported by law and fact."[5] Deloitte also argues that although some district courts in Texas have suggested that a losing party's proven indigence might justify withholding costs from a prevailing party, Relator's claim of indigence fails because it is unsubstantiated.[6] The court agrees.

"Misconduct, bad faith, and abuse of the trial process are all grounds for refusing to award costs to the prevailing part[y]." Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 540 (5th Cir. 1990) (declining to tax costs against the prevailing parties due to their "repeated and abusive hardball tactics," including their unjustified refusal to produce documents in response to discovery, and their violation of an order to compel). However, costs should only be denied to a prevailing party in egregious circumstances, and the court does not find that Deloitte has engaged in any egregious conduct that would justify a denial of costs. See id. See also Neutrino Development Corp. v. Sonosite, Inc., No. H-01-2484, 2007 WL 998636, *2 (S.D. Tex. March 30, 2007). Nor is the

---

[5] Id. at pp. 2-3.

[6] Id. at pp. 3-4.

court persuaded that plaintiff's deposition testimony that he was unemployed for some time following his discharge by the State of Texas sufficient to establish that he is indigent or otherwise unable to pay Deloitte's costs.[7]  Conspicuously absent from Relator's motion is any evidence of his current inability to pay costs.  Because Relator has failed to present any evidence showing that Deloitte engaged in misconduct, bad faith, or abuse of the trial process, or that Relator is indigent or otherwise unable to pay costs, the court is not persuaded that Relator has overcome the strong presumption that the Deloitte, as the prevailing party, is entitled to recover costs as a matter of course.  Relator's motion that the court reconsider its award of costs will be denied.

**B.  Taxable Expenses**

Relator also argues that Deloitte is not entitled to have taxed as costs the amounts it seeks because those amounts are grossly excessive and in many cases are expenditures that are not allowed as costs by 28 U.S.C. § 1920.

    1.  <u>Computer Research Costs</u>

Deloitte seeks recovery of costs for online legal research and access to PACER (Public Access to Court Electronic Records) in the amount of $117,719.30.[8]

---

[7] See Exhibit 16 attached to Docket Entry No. 808.

[8] See Bill of Costs, Docket Entry No. 807.

(a) Computer-Assisted Legal Research

The Fifth Circuit has yet to address whether computer-assisted legal research is taxable under § 1920. Other circuits differ in their treatment of this type of cost. See Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) (computer-assisted legal research not taxable under § 1920); Haroco v. American National Bank and Trust Co. of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994) (computer-assisted legal research may be included in calculation of attorney's fee but not as a cost under § 1920); Wehr v. Burroughs Corp., 619 F.2d 276, 285 (3d Cir. 1980) (computer-assisted legal research recoverable by prevailing party in its bill of costs).

The court concludes that computer-assisted legal research is not recoverable under 28 U.S.C. § 1920. Legal research, whether conducted on a computer or in a library, is not a cost enumerated under 28 U.S.C. § 1920. Moreover, as noted by the Seventh Circuit, computer-aided legal research is "more akin to awards under attorney's fees than under costs." Haroco, 38 F.3d at 1440. Attorney's fees are not recoverable under 28 U.S.C. § 1920. Roadway Express, Inc. v. Piper, 100 S.Ct. 2455, 2460 (1980). The court therefore concludes that Relator's motion to deduct from Deloitte's Bill of Costs amounts incurred for computer-assisted legal research should be granted.

(b) PACER

Although Deloitte grouped into a single figure ($117,719.30) the amount it seeks for PACER access and the amount it seeks for

computer-assisted legal research,[9] in response to Relator's argument that the costs of computer-assisted legal research are not recoverable under § 1920, Deloitte argued that PACER fees are recoverable as "fees of the clerk" under 28 U.S.C. § 1920(1).[10] Nevertheless, Deloitte has not presented any authority supporting its argument that PACER fees are recoverable as fees of the clerk. The only published case that Deloitte has cited in support of its argument equated PACER access with computer-assisted legal research.  See Wirtz v. Kansas Farm Bureau Services, Inc., 355 F.Supp.2d 1190, 1213 (D. Kan. 2005) (explaining that "[b]ecause the court finds that PACER system is a valid computer assisted on-line research tool, charges associated with its use are recoverable as ordinary expense by the prevailing party").  Since the authority cited by Deloitte treats PACER costs as costs of computer-assisted legal research, and since the court has already concluded that those costs are not recoverable under 28 U.S.C. § 1920, the court concludes that the PACER costs Deloitte seeks are not recoverable. The court concludes that Relator's motion to deduct from Deloitte's Bill of Costs amounts incurred for PACER access should be granted.

   2.   <u>Fees to the Clerk</u>

   Deloitte seeks $296.22 for "Fees of the Clerk." Plaintiff argues that these costs are not recoverable because they "consist

---

[9]Id.

[10]Deloitte Consulting LLP's Response in Opposition to Relator's Motion for Review of Taxing of Costs, Docket Entry No. 812, p. 18.

of the fees for a certificate of good standing and pro hac vice admission fee for one of D&T's lawyers, Evan Tilton."[11] Asserting that the amount it has requested as fees paid to the clerk may be broken down into two parts: $131.22 for fees of the clerk, and $165.00 for pro hac vice admission fees, Deloitte argues that its request for $131.22 should be allowed because Relator has not objected to it, and that its request for $165.00 should be allowed because payment of that amount was required both by the Clerk and the Local Rules. The court agrees.

28 U.S.C. § 1920(a) authorizes taxation of costs of "fees of the clerk." Pro hac vice fees are established by a "Miscellaneous Fee Schedule" following 28 U.S.C. § 1914 (effective June 1, 2004), which provides, "fees to be charged in the United States district courts pursuant to this section," i.e., 28 U.S.C. § 1914, including the fee "[f]or original admission of attorneys to practice, $150 each, including a certificate of admission." Deloitte's counsel filed an application for admission, accompanied by a certificate of good standing and paid the fee set by the order, to the Clerk of the Court.[12] Because 28 U.S.C. § 1920(1) expressly authorizes the recovery of all "fees of the clerk," and because federally mandated pro hac vice admission fees are "fees of the clerk," the court

---

[11]Motion to Review Taxing of Costs, Docket Entry No. 808, p. 5.

[12]Deloitte Consulting LLP's Response in Opposition to Relator's Motion for Review of Taxing of Costs, Docket Entry No. 812, p. 5 (citing LR 83.1(J), which requires payment of "the fee set by order").

concludes that Relator's motion to deduct the <u>pro hac vice</u> admission fee from Deloitte's bill of costs should be denied. <u>See United States ex rel. Gear v. Emergency Medical Associates of Illinois, Inc.</u>, 436 F.3d 726, 730 (7th Cir. 2006) (affirming taxation of <u>pro hac vice</u> admission fee against a losing relator in a False Claims Action).

    3.   <u>Fees for Service of Summons and Subpoenas</u>

Deloitte seeks $1,578.00 for service of summons and subpoena.[13] Plaintiff argues that these fees are not recoverable because "Deloitte utilized a 'rush' service for these charges."[14] Without objecting to Deloitte's effort to tax the cost of private process servers, Realtor argues that "[a]bsent a showing of necessity (of which Deloitte makes none) such expediting charges are not allowable."[15] Relator also argues that these fees are unallowable because the "summons were for witnesses [Deloitte] called and for third party document discovery. At least one of the charges fails to identify who the summons was served upon."[16]

Deloitte responds that it seeks recovery of costs for serving eleven subpoenas.[17] Although the entry for the subpoena served on

---

[13] See Bill of Costs, Docket Entry No. 807.

[14] Motion to Review Taxing of Costs, Docket Entry No. 808, p. 5.

[15] <u>Id.</u>

[16] <u>Id.</u> at pp. 5-6.

[17] Deloitte Consulting LLP's Response in Opposition to Relator's Motion for Review of Taxing of Costs, Docket Entry No. 812, pp. 6-7.

the Texas Department of Health (TDH) is the only entry indicating that the subpoena was subject to "rush service," the cost of serving that subpoena -- $196 - was the same as the cost of serving five of the remaining ten subpoenas. The costs for serving the remaining five subpoenas varied from $55 to $65.

Section 1920(1) allows recovery of "[f]ees of the clerk and marshal," but does not expressly allow recovery of private process server fees. In <u>Cypress-Fairbanks Independent School District v. Michael F.</u>, 118 F.3d 245, 257 (5th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 690 (1998), the Fifth Circuit held that the defendants properly objected to the cost attributable to the school district's use of a private process server to serve both them and their attorney despite their counsel's having agreed to accept service on their behalf and not having objected to use of service by mail because there was nothing exceptional about the parties or the nature of the case. In so holding the Fifth Circuit cited <u>Zdunek v. Washington Metro. Area Trans. Auth.</u>, 100 F.R.D. 689, 692 (D.D.C. 1983), in which the court disallowed the prevailing party's request for private process server fees on grounds that "no exceptional circumstances existed in [the] case which required the use of professional process servers." Although many courts have recognized that service today is largely accomplished by private process servers instead of United States Marshals, and for that reason have allowed prevailing parties to recover private process

-11-

server fees, the courts that have allowed recovery of such fees have done so only to the extent that the costs incurred do not exceed the costs that would have been incurred had the United States Marshal effected service. Compare <u>United States EEOC v. W & O, Inc.</u>, 213 F.3d 600, 624 (11th Cir. 2000) ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921."); <u>Collins v. Gorman</u>, 96 F.3d 1057, 1060 (7th Cir. 1996) ("[W]e think it best to resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."); <u>United States for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.</u>, 95 F.3d 153, 172 (2d Cir. 1996) ("[T]he court believes the taxation of costs for special process servers is justifiable. However, such costs should be taxable only to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service, since only the Marshal's fee amount is actually statutorily authorized."), with <u>Crues v. KFC Corp.</u>, 768 F.2d 230, 234 (8th Cir. 1985) ("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses."). Because § 1920 contains no provision for the cost of private process servers, and because Deloitte provides no evidence of either exceptional circumstances that required the use of private process servers or what the

United States Marshals Service would have charged for the same service, the court concludes that the amount it seeks for service of summons and subpoena is not recoverable under 28 U.S.C. § 1920. See Cypress-Fairbanks Independent School District, 118 F.3d at 257. The court therefore concludes that Relator's motion to deduct from Deloitte's Bill of Costs amounts incurred for service of summons and subpoena should be granted.

4. Court Reporter Fees

Deloitte seeks $45,229.79 for court reporter fees.[18] Of these total costs, $33,745.40 is attributable to non-video related deposition costs and $11,384.39 is attributable to videotaping costs. Citing Cypress-Fairbanks Independent School District, 118 F.3d at 257-58, Relator argues that these amounts are not recoverable because Deloitte "is not entitled to have taxed as costs the expense of the depositions of its own witnesses."[19] Citing West v. Nabors Drilling USA, Inc., 330 F.3d 379, 396 (5th Cir. 2003), Relator also argues that the cost of videotaping the depositions is not recoverable.

Deloitte responds that these deposition costs should be taxed against the Relator because "at the time they were taken, the parties could reasonably have expected to use all of them."[20]

---

[18]See Bill of Costs, Docket Entry No. 807.

[19]Motion to Review Taxing of Costs, Docket Entry No. 808, p. 6.

[20]Deloitte Consulting LLP's Response in Opposition to Relator's Motion for Review of Taxing of Costs, Docket Entry No. 812, p. 9.

Deloitte argues that Relator noticed fifteen of the nineteen witnesses who testified in this case. Deloitte argues that of the four witnesses that it noticed, one was the Relator, one was the Relator's expert witness, Peter J. Figliozzi, and the remaining two -- Jeffrey Phelps and Joseph Branton -- were employed by the State of Texas.

Since Relator does not argue that Deloitte did not reasonably expect to use at trial the depositions of the fifteen witnesses that he noticed, and because the depositions of the four remaining witnesses noticed by Deloitte (Relator, Figliozzi, Phelps, and Branton) were cited not only by the parties in their summary judgment briefing, but also by the court in the Memorandum Opinion and Order granting Deloitte's motion for summary judgment (Docket Entry No. 805), the court concludes that all of these depositions were necessarily obtained for use in this case. See West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co., 834 F.2d 1232, 1237-38 & n.17 (5th Cir. 1988) (holding that the costs of taking, transcribing, and reproducing depositions are taxable so long as the deposition "was necessarily obtained for use in the case," and recognizing that "[t]he trial judge is particularly qualified to decide whether a copy is necessary"). However, since the Fifth Circuit has held that video deposition costs are not recoverable, the court concludes that Deloitte may recover only the $33,745.40 attributable to non-video related deposition costs. See

West, 330 F.3d at 396 (citing <u>Mota v. University of Texas Houston Health Science Center</u>, 261 F.3d 512, 530 (5th Cir. 2001) (reversing court's award of costs associated with videotaped depositions as an abuse of discretion because such costs are not recoverable under § 1920); <u>Coats</u>, 5 F.3d at 891 (holding that video technician fees incurred for video depositions are not recoverable under § 1920)).

5.   Exemplification and Copy Costs

Deloitte seeks $103,219.17 for exemplification and copy costs.[21] Relator argues that this amount is not recoverable because Deloitte has failed to demonstrate that the copying costs it seeks were "necessary to the litigation and not made solely for attorney convenience."[22] Relator also argues that Deloitte's requests for costs of binders and supplies, faxes, document imaging, and document management procedures are not recoverable as costs.

Citing <u>United Teacher Associations Ins. Co. v. Union Labor Life Ins. Co.</u>, 414 F.3d 558, 574-75 (5th Cir. 2005), Deloitte argues that the fact that it has not precisely itemized its photocopying costs does not undermine its entitlement to copying costs.[23] Although Deloitte also argues that the court should allow

---

[21] See Bill of Costs, Docket Entry No. 807.

[22] Motion to Review Taxing of Costs, Docket Entry No. 808, p. 9 (citing <u>Shah v. Village of Hoffman Estates</u>, 2003 WL 21961362, *2 (N.D. Ill. 2003)).

[23] Deloitte Consulting LLP's Response in Opposition to Relator's Motion for Review of Taxing of Costs, Docket Entry No. 812, p. 16.

it to recover the cost of binders and supplies as reasonably and necessarily incurred "to reproduce [the] document[s] in a way that [was] organized and useful to the opposing party and the court,"[24] Deloitte recognizes that courts are divided over whether such costs are taxable under 28 U.S.C. § 1920.[25] Deloitte does not dispute Relator's arguments that costs for faxes, document imaging, and other document management procedures are not recoverable as taxable costs, and has not cited any authority that recognizes expenditures for these services as costs that may be taxed under § 1920.

Although Relator argues that the sheer number of copies for which Deloitte seeks recovery of costs (652,000) "makes it obvious that these copy costs are not taxable under the Fifth Circuit standard or under the applicable statute,"[26] the court is not persuaded that the sheer number of copies for which Deloitte seeks costs demonstrates that those costs are excessive. Relator acknowledges that Deloitte produced 148,000 documents to him in electronic format.[27] Since Relator also acknowledges that the majority of these documents came from state agencies, and does not argue either that Deloitte would not necessarily have made copies of these documents for its own use in this litigation or for

---

[24]Id. at p. 17.

[25]Id.

[26]Motion to Review Taxing of Costs, Docket Entry No. 808, p. 11.

[27]Id.

submission to the court, the court is not persuaded that the sheer number of documents at issue precludes the copying costs from being reasonable or necessary for the litigation. Moreover, Deloitte's representative has declared under penalty of perjury that its copying costs were "correct and necessarily incurred in this action."[28] See United Teacher Associations Ins., 414 F.3d at 574-75 (the fact that prevailing party did not precisely itemize its photocopying costs did not undermine the district court's award based on declaration under penalty of perjury that the costs were correct and "necessarily incurred in this action"). Accordingly, the court is not persuaded that the sheer volume of copies for which Deloitte seeks reimbursement precludes it from allowing Deloitte's copying costs. Nevertheless, since Deloitte has failed to cite any authority in support of its request for the cost of faxes, document imaging, and other document management procedures, the court concludes that these costs are not recoverable under § 1920. Moreover, since Deloitte has not challenged the Relator's calculation of the amounts attributable to these four categories of costs, the court concludes that Deloitte's request for exemplification and copy costs in the amount of $103,219.17 should be reduced in the following amounts:

1.  Supplies and Binders: $1,476.80
2.  Fax Costs: $865.60
3.  OCR and Imaging Costs: $9,970.00

---

[28] Bill of Costs, Docket Entry No. 807.

4.  Other document management project costs: $49,757.82.[29]

### III. Conclusions and Order

For the reasons explained above, the court concludes that Deloitte is entitled to recover costs in the following amounts: (1) fees of the clerk -- $296.22; (2) fees of the court reporter -- $33,745.40; and (3) fees for exemplification and copies of papers necessarily obtained for use in the case -- $41,148.95. Together these three categories of costs total $75,190.57. Relator is **ORDERED** to pay this amount to Deloitte.

Accordingly, Deloitte's request for entry of Bill of Costs (Docket Entry No. 807) is **GRANTED IN PART** and **DENIED IN PART**, and Relator's Motion to Review Taxing of Costs (Docket Entry No. 808) is **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED** at Houston, Texas, on this the 14th day of May, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[29]Motion to Review Taxing of Costs, Docket Entry No. 808, p. 17.