UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UNITED STATES OF AMERICA,
ex rel. RAMESH GUDUR

      Plaintiff/Judgment Debtor,

v.

DELOITTE CONSULTING LLP

      Defendant/Judgment Creditor.

CASE NO. 2:07-MC-31-FTM-34DNF

Registration & Enforcement of
Other District's Judgment, 28 U.S.C. § 1963

**DEFENDANT/JUDGMENT CREDITOR DELOITTE CONSULTING LLP'S *EX PARTE* MOTION FOR CONTINUING WRIT OF GARNISHMENT**

Defendant/Judgment Creditor Deloitte Consulting LLP ("Deloitte"), pursuant to Fed. R. Civ. P. 69, and Fla. Stat. §§ 77.03 & 77.0305, moves this Court for an order (1) directing the Clerk to issue the attached continuing writ of garnishment to the Office of the Public Defender of the Twentieth Judicial Circuit of Florida; (2) directing the Clerk to attach to the continuing writ of garnishment the attached Notice to Plaintiff/Judgment Debtor Ramesh Gudur of Right Against Garnishment of Wages, Money, and Other Property; and (3) waiving any duty of Deloitte's under Fla. Stat. §§ 77.28, 28.24(10) to deposit $100 into the Court's registry and pay a $3 statutory fee; and in support thereof states as follows:

**FACTUAL BACKGROUND**

1.     On July 25, 2007, the Clerk for the Southern District of Texas certified the Court's Order on Bill of Costs awarding Deloitte $75,190.57 as a judgment for registration in another district. *See* Certification of Judgment for Registration in Another District, filed August 7, 2007 **[D.E. 1]**, at 1. On August 7, 2007, pursuant to 28 U.S.C. § 1963, Deloitte

registered the Order on Bill of Costs in this Court. *See id.*

2.  Deloitte is filing an *ex parte* motion for a continuing writ of execution, simultaneously herewith.[1]

## ARGUMENT & AUTHORITIES

3.  As a result of registering the Order on Bill of Costs in this District, it "shall have the same effect as a judgment of [the Middle District of Florida] and may be enforced in like manner." 28 U.S.C. § 1963. Fed. R. Civ. P. 69(a) provides in relevant part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Thus, Florida law governs the procedure on garnishment, except where a federal statute applies.

4.  Deloitte is entitled to a continuing writ of garnishment under Fla. Stat. § 77.01, *et seq.* Fla. Stat. § 77.01 provides in relevant part:

> Every person or entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person[.]

Deloitte has recovered a judgment against Gudur, and thus is entitled to subject any debt due Gudur by a third person to a writ of garnishment.

5.  Furthermore, Fla. Stat. § 77.03 provides in relevant part:

---

[1] A statement of the facts preceding registration in this District is provided in Deloitte's *Ex Parte* Motion for Writ of Execution, filed August 22, 2007 [D.E. 2], at 1-2.

2

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment.

6. In accordance with this section, this motion is being filed by Deloitte's attorney after Deloitte obtained its judgment against Gudur. The judgment is in the amount of $75,190.57, plus post-judgment interest at the rate of 4.89%, computed daily and compounded annually, from the date of the judgment – May 14, 2007. *See* 28 U.S.C. § 1961(a), (b); Fla. Stat. § 55.03; Federal Reserve Statistical Release H.15(519) Selected Interest Rates, dated May 14, 2007, at 2, attached hereto as **Exhibit 1**.

7. Moreover, Deloitte seeks to garnish Gudur's salary or wages by a continuing writ of garnishment to Gudur's employer. Fla. Stat. § 77.0305 provides in relevant part:

> Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.

8. The garnishee is the Office of the Public Defender of the Twentieth Judicial Circuit of Florida ("Garnishee"). Gudur is currently employed as an assistant public defender in Garnishee's Collier County division.

9. Furthermore, Deloitte is aware of Fla. Stat. §§ 77.28, 28.24(10), which may require Deloitte to deposit $100.00 into the Court's registry and pay a related statutory fee of $3.00 before issuance of any writ of garnishment. However, as Magistrate Judge Thomas E. Morris recently explained: "The Clerk has advised that the deposit of $100 under Fla. Stat. §

77.28 is not accepted in this Court." *Hawley v. American Eagle Sailing, Inc.*, No. 3:06-CV-986-J-33TEM, Order, at 3 (M.D. Fla. Nov. 22, 2006), attached hereto as **Exhibit 2**. Counsel for Deloitte confirmed that the Clerk does not accept this deposit, or its related statutory fee, in a telephone conversation with the Manager of the Clerk's Ft. Myers Division.

10. Thus, Deloitte respectfully requests that this Court follow the course taken by Magistrate Judge Morris in *Hawley*, and waive any duty of Deloitte's under Fla. Stat. §§ 77.28, 28.24(10) to deposit $100 into the Court's registry and pay a $3 statutory fee. *See id.* at 4 (in granting writ of garnishment, waiving $100 deposit requirement because Clerk does not accept it).

11. Attached hereto as composite **Exhibit 3** is (1) a form of Continuing Writ of Garnishment, based on Fla. R. Civ. P. Form 1.907(b); and (2) a Notice to Plaintiff/Judgment Debtor Ramesh Gudur of Right Against Garnishment of Wages, Money, and Other Property, required by Fla. Stat. § 77.041.

12. The Clerk is required to attach to the Continuing Writ of Garnishment the above-mentioned Notice to Plaintiff/Judgment Debtor Ramesh Gudur of Right Against Garnishment of Wages, Money, and Other Property. *See* Fla. Stat. § 77.041(1).

13. Deloitte is prepared to submit a proposed order granting the relief requested herein should the Court so authorize. *See* M.D. Fla. CM/ECF Proc. II.E.4.

## CONCLUSION

For all of the foregoing reasons, Defendant/Judgment Creditor Deloitte Consulting LLP respectfully requests that the Court issue an order (1) directing the Clerk to issue the attached continuing writ of garnishment to the Office of the Public Defender of the Twentieth

CASE NO. 2:07-MC-31-FTM-34DNF

Judicial Circuit of Florida; (2) directing the Clerk to attach to the continuing writ of garnishment the attached Notice to Plaintiff/Judgment Debtor Ramesh Gudur of Right Against Garnishment of Wages, Money, and Other Property; and (3) waiving any duty of Deloitte's under Fla. Stat. §§ 77.28, 28.24(10) to deposit $100 into the Court's registry and pay a $3 statutory fee.

Respectfully submitted,

_s/ James N. Robinson_
Rudolph F. Aragon
Florida Bar No. 286249
E-mail: raragon@whitecase.com

James N. Robinson
Florida Bar No. 608858
E-mail: jrobinson@whitecase.com

Attorneys for Judgment Creditor Deloitte Consulting LLP
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Fax: (305) 358-5744