USA v. Deloitte Consulting LLP                                                                Doc. 3 Att. 2
Case 2:07-mc-00031-MMH-DNF   Document 3-3   Filed 08/22/2007   Page 1 of 4
Case 3:06-cv-00986-VMC-TEM   Document 16   Filed 11/22/2006   Page 1 of 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS K. HAWLEY, and EQUITY
TRUST COMPANY, CUSTODIAN F/B/O
THOMAS K. HAWLEY IRA,

        Plaintiffs,                   Case No. 3:06-CV-986-J-33TEM

v.

AMERICAN EAGLE SAILING,
INC., a Florida corporation, AMERICAN
EAGLE FLEET AND LEASE, INC., a
Florida corporation, COIN CASTLE
CASINOS, II, INC., a Florida corporation,
and THOMAS O'DONNELL, an individual,

        Defendants.

_____

**O R D E R**

This comes before the Court on the Second Motion for Prejudgment Writ of Garnishment filed by Plaintiffs, Thomas K. Hawley and Equity Trust Company, custodian f/b/o Thomas K. Hawley IRA. Plaintiffs request the Court enter an order directing the Clerk to issue a Writ of Garnishment naming Bank of America, N.A. as Garnishee, pursuant to Rule 64, Federal Rules of Civil Procedure, and Chapter 77, Florida Statutes. Plaintiffs assert that they believe Bank of America has in its possession Defendants' money, and that Defendants will remove the money before judgment is entered in this case. As support for their position, Plaintiffs file an affidavit of Thomas K. Hawley and refer to their Verified Complaint.

Rule 64, Federal Rules of Civil Procedure provides for the seizure of

**EXHIBIT 2**

property, including garnishment, is accomplished pursuant to state law. That rule provides, in pertinent part:

> [a]t the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the law of the state in which the district court is held, existing at the time the remedy is sought . . .

Under Florida law, codified at Chapter 77, Florida Statutes, garnishment is the statutory process by which a creditor is subrogated to the debtor's rights against the garnishee. Service of the writ of garnishment effectuates the process whereby the plaintiff takes the defendant's place and is substituted for the defendant in the action against the garnishee. See Oper v. Air Control Products, Inc. of Miami, 174 So. 2d 561 (Fla. 3d DCA 1965). There is no requirement that the plaintiff describe with specificity the property sought to be garnished. Rather, a writ of garnishment requires the garnishee to inform the plaintiff of the amount and type of indebtedness it owes to the defendant. §77.04, Florida Statutes.

In Florida, a prejudgment writ of garnishment is available to secure a money judgment that a party ultimately expects to recover. Garel & Jacobs, P.A. v. Wick, 683 So. 2d 184 (Fla. 3d DCA 1996). Section 77.031, Florida Statutes, states that in order to obtain issuance of a prejudgment writ of garnishment, a plaintiff must:

> file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure

2

> either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

The statute further requires that for a writ of garnishment to be issued, the plaintiff must post "a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded." § 77.031(3), Florida Statutes. Section 77.28, Florida Statutes, further requires that a party seeking a writ of garnishment shall deposit $100 into the registry of the court before issuance of the writ so that such monies may be paid to the garnishee for the payment or part payment of the garnishee's attorney fees. Here, Plaintiffs have asserted that they will make the required deposit upon order of the Court and file a bond in the amount of $1 million prior to issuance of a Writ of Garnishment. Plaintiffs have provided a form of Writ of Garnishment and a form of notice to individuals for the Clerk to attach to the Writ of Garnishment. § 77.041, Florida Statutes.

On review and consideration of the instant motion, the Court finds Plaintiffs have satisfied the requirements set forth in § 77.031, Florida Statutes, and a Writ of Garnishment is properly ordered. The Writ shall not be issued, however, until Plaintiffs post a bond in the amount of $1 million. The Clerk has advised that the deposit of $100 under Fla. Stat. § 77.28 is not accepted in this Court.

Accordingly, it is hereby **ORDERED**:

3

1. Plaintiffs' Second Motion for Writ of Garnishment is **GRANTED.**

2. The requirement that Plaintiffs deposit $100.00 into the registry of the Clerk of Court is **waived**.

3. Plaintiffs shall post a bond with the Clerk of Court in the amount of One Million Dollars and no cents ($1,000,000.00).

4. Upon receipt of an acceptable bond in the amount of $1,000,000 from Plaintiffs, the Clerk of Court is **DIRECTED** to issue the attached Writ of Garnishment to Bank of American, N.A.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of November, 2006.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

All Counsel of record